[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16611
Non-Argument Calendar

_____

D. C. Docket No. 06-20904-CV-FAM

MARIAMAR MASSO,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Mariamar Masso appeals the district court's grant of summary judgment to Miami-Dade County Police Department (MDPD) on her claim for retaliatory failure to hire pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

In 2004, Masso applied for two positions with MDPD. In the application's Personal History Questionnaire (PHQ), Masso responded to the question whether employers always treated her fairly by indicating she had filed discrimination charges against her employer because the management pressured her to sign a memo acknowledging they could not guarantee her job security. Citing a confidentiality agreement, Masso refused to provide any documentation of the Equal Employment Opportunity Commission (EEOC) charge despite repeated requests from MDPD. MDPD eventually obtained a copy of the charge, in which Masso stated she believed her employer discriminated against her because of her sex and pregnancy. She also stated that she was harassed, excluded from meetings, and no longer allowed to work from home or to "make up time." MDPD did not hire her, citing her failure to follow departmental procedures and her falsification of the application.

Masso contends that a genuine issue of material fact exists as to whether MDPD's proffered reason for not hiring her was a pretext for retaliatory

discrimination because: (1) it was not clear that she falsified her application or that there was a discrepancy between the PHQ and the EEOC charge; (2) MDPD insisted on having proof of the EEOC charge and focused on the details of her charge to the point of raising suspicion as to the truth of its articulated reason; and (3) there was no rational business justification for MDPD's investigation of her discrimination charge in the manner that it did.

The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (reviewing a district court's grant of summary judgment *de novo*). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

Title VII prohibits retaliation by an employer against an applicant because the applicant has opposed an unlawful employment practice "or because he has

3

made a charge . . . under this subchapter." 42 U.S.C. § 2000e-3(a). A plaintiff may establish his case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272-73 (11th Cir. 2002). Under this framework, the plaintiff must first establish a prima facie case of discrimination to create a rebuttable presumption of discrimination. *Id.* at 1272. To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) there was some causal relation between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Once a plaintiff has made a prima facie showing of discrimination, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the employment action. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 1094-95 (1981). If the defendant articulates a legitimate, non-discriminatory reason, the plaintiff must come forward with evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were pretextual. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997).

4

A plaintiff may show pretext by either directly persuading the court that a discriminatory reason motivated the defendant or by indirectly showing that the employer's explanation is unworthy of credence. *Burdine*, 450 U.S. at 256, 101 S. Ct. at 1095. "The inquiry into pretext centers upon the employer's beliefs," rather than the employee's own perceptions. *Holifield*, 115 F.3d at 1565. In other words, it does not matter whether the plaintiff is actually innocent of the infraction for which the adverse employment action is taken; the only relevant inquiry is whether the employer believes he is guilty. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."). Once a nondiscriminatory reason is proffered, the "plaintiff is not allowed to recast an employer's . . . reasons or substitute his business judgment for that of the employer." *Chapman*, 229 F.3d at 1030. Instead, he "must meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* Therefore, where an employer offers extensive evidence of legitimate, nondiscriminatory reasons for its actions, conclusory allegations by the plaintiff are insufficient to raise an inference of pretext. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).

Upon review of the record, and upon consideration of the briefs of the parties, we find no reversible error. MDPD considered Masso's failure to provide documentation of the EEOC charge and the apparent inconsistencies between her PHQ and the discrimination charges to conclude Masso did not follow departmental procedures and falsified the application. Masso did not present any evidence indicating that MDPD's proffered reasons for not hiring her were merely a pretext. Therefore, we affirm.

**AFFIRMED**.